UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-5354-PSG (KK)** | Date: | June 25, 2019 |
|---|---|---|---|

Title: *Arturo Castro, Jr. v. James Robertson*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Granting Petitioner's Request for a Stay and Abeyance Pursuant to Rhines v. Weber [Dkt. 3]

On June 19, 2019, Arturo Castro, Jr. ("Petitioner"), who is currently incarcerated at Pelican Bay State Prison and proceeding with counsel, filed a mixed Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") containing both an exhausted and an unexhausted claim. ECF Docket No. ("Dkt.") 1, Pet. Petitioner concurrently filed a Request for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay") to exhaust state remedies for his unexhausted claim. Dkt. 3. For the reasons set forth below, the Court GRANTS the request for a Rhines stay.

## I.
## PROCEDURAL HISTORY

On June 6, 2016, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of murder, attempted murder, and shooting at an occupied vehicle. Pet. at 2. On June 30, 2016, Petitioner was sentenced 82 years to life in state prison. Id.

Petitioner appealed his conviction and sentence to the California Court of Appeal on the grounds that the trial court erred in (1) allowing detectives to testify about videos depicting the crime; (2) declining to investigate allegations of juror misconduct; and (3) finding Petitioner had served prison terms for prior felony convictions. Pet. at 24, Ex. A. On January 10, 2018, the California Court of Appeal affirmed Petitioner's conviction and sentence. Id.

Petitioner then filed a petition for review in the California Supreme Court. Pet. at 24. On March 21, 2019, the California Supreme Court denied review. Pet. at 29, Ex. B.

On June 17, 2019, Petitioner filed a habeas petition in Los Angeles County Superior Court raising the following grounds: (1) ineffective assistance of counsel; and (2) jury misconduct. Pet. at 8.

On June 19, 2019, Petitioner filed the instant Petition. Dkt. 1. Petitioner challenges his 2016 conviction and sets forth two grounds for habeas relief: (1) ineffective assistance of counsel; and (2) jury misconduct. Pet. at 5-6, 30-35. Petitioner concurrently filed a Request for a Rhines stay to exhaust state remedies for his unexhausted ineffective assistance of counsel claim. Dkt. 3.

## II.
## DISCUSSION

### PETITIONER IS ENTITLED TO A RHINES STAY

**A.  Applicable Law**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Under Rhines, 544 U.S. 269, a court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

**B.  Analysis**

The Court finds Petitioner has met all three requirements for a stay under Rhines.

First, the Court finds Petitioner has alleged sufficient facts showing "good cause" under Rhines. See Rhines, 544 U.S. at 277. Petitioner states he is reasonably concerned his state court petition may be found to be untimely, in that it was filed on or about June 17, 2019 – 362 days after his conviction and sentence became final on June 20, 2018,[1] and, therefore, that a federal habeas petition filed after June 20, 2019 could be time-barred. See dkt. 3 at 5 ("Petitioner cannot reasonably be certain that the state court's post-conviction process will find his exhaustion petition

---

[1]  A conviction and sentence becomes final and the one-year limitation period for filing for federal post-conviction begins to run after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, ninety days after the state supreme court denied the petition for review. See 28 U.S.C. § 2244(d)(1)(A); Fue v. Biter, 842 F.2d 650, 653 (9th Cir. 2016).

timely or that the process will be completed by June 20, 2019."). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (suggesting a petitioner could file a "protective" petition in federal court to avoid the "predicament" of "litigating in state court for years only to find out at the end" the state court petition was never "properly filed" and thus that his federal petition is time barred). As such, the Court finds Petitioner has met the first requirement for a Rhines stay.

Second, upon review of Petitioner's unexhausted ineffective assistance of counsel claim, the Court finds it is not "plainly meritless." See Rhines, 544 U.S. at 277. The unexhausted claim appears to raise a colorable federal claim, and therefore should not be precluded from review. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Lastly, the Court finds no evidence Petitioner has engaged in abusive litigation tactics or intentional delay in trying to bring his unexhausted claim. See Rhines, 544 U.S. at 278. Thus, a stay under Rhines is warranted and Petitioner's request is **GRANTED**.[2]

### III.
### CONCLUSION

Accordingly, it is ORDERED:

1. Petitioner's Request for Stay or Abeyance under Rhines is GRANTED;
2. This action is now STAYED and the Clerk shall ADMINISTRATIVELY CLOSE this action;
3. Petitioner must, within **thirty (30) days** of a final decision by the state courts on the Petition's unexhausted claims, move to reopen this action and lift the stay; and
4. Nothing further will take place in this action unless and until Petitioner timely moves to reopen it and lift the stay. Once the stay is lifted, the Court will issue an initial order requiring a response to the Petition from Respondent.

**IT IS SO ORDERED.**

---

[2] The Court notes it is not entirely clear from the Petition whether Petitioner's juror misconduct claim has been exhausted. Nevertheless, the Court finds the juror misconduct claim is not "plainly meritless" and Petitioner is diligently seeking to exhaust both the ineffective assistance of counsel and juror misconduct claims in state court. Therefore, a Rhines stay is warranted even if the Petition is wholly unexhausted.